HEATHER E. WILLIAMS, #122664
Federal Defender
RACHELLE BARBOUR, #185395
Attorney
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
Rachelle.Barbour@fd.org

Attorney for Defendant
BEN GIA WONG

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>BEN GIA WONG,<br><br>  Defendant. | Case No.  Cr. S. 11-0166-MCE<br><br>UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; ORDER<br><br>Judge: Hon. Morrison C. England, Jr. |

## I. INTRODUCTION

Defendant BEN GIA WONG, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The three-year term of supervised release began on April 29, 2014. Mr. Wong has already completed over half of his supervisory term.

Mr. Wong is being supervised in the Eastern District of California where he lives and works. Prior to filing this petition, defense counsel provided it to the supervising probation officer and the government. The Probation Office has indicated that Mr. Wong is in full compliance in all areas of supervision.  It does not oppose this petition.  Assistant United States Attorney Christiaan Highsmith also reviewed this petition. He has authorized defense counsel to inform the Court that the government has no opposition to this petition.  A proposed order is attached for the Court's convenience.

## II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a

defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is requested for this [unopposed] petition.

Section 3584(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3583(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. Stable community reintegration (e.g. residence, family, employment);
> 2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision;
> 3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
> 4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
> 5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
> 6. No recent evidence of alcohol or drug abuse;
> 7. No recent psychiatric episodes;
> 8. No identifiable risk to the safety of any identifiable victim; and
> 9. No identifiable risk to public safety based on the Risk Prediction Index (RPI)

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010).

Pursuant to the policy, "there is a presumption in favor of recommending early termination: for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." *Id.* § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committed on Criminal Law of the Judicial Conference, issued a memorandum to all United

States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety. *Id.*

III.    MR. WONG SATISFIES ALL CRITERIA FOR EARLY TERMINATION

Mr. Wong satisfies all factors set forth for early termination. He has completed all his terms of supervision and has no need for programming or treatment. He had minimal special conditions and has fully complied with all of them. Notably, his supervising probation officer did not require any sort of programming or counseling during the course of his supervision. Neither the Probation Office nor the government opposes this petition.

Mr. Wong was convicted of manufacturing marijuana plants in April 5, 2011, for which he received thirteen months in custody. He self-surrendered and served his prison time without incident. His supervision has likewise been without any incident. Mr. Wong has steady employment, residence, and family life.  He and his wife have been married since 2003 and live in Sacramento.  He works at CK Auto Insurance Agency and has been employed there since March 2014.  Further, this is Mr. Wong's first and only criminal conviction.  His experience in the system changed him profoundly and set him on the stable path that he is on today.

The Court is often called upon to impose serious consequences for defendants who violated supervised release.  Mr. Wong has completed every condition asked of him and has

gone far beyond the requirements of his supervision. He has fully reintegrated into society and is a valued worker, family member, and citizen. He has achieved stable community reintegration in terms of housing, family, and employment. He is in full compliance with all terms of supervision. He had no aggravated role in the offense, no violence or weapons in this offense, and is not using controlled substances. He has no psychiatric issues. He enjoys the support of his community. He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

Given Mr. Wong's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court grant this unopposed petition and order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

Dated:  February 9, 2016

HEATHER E. WILLIAMS
Federal Defender

*/s/ RACHELLE BARBOUR*
RACHELLE BARBOUR
Attorney
Attorney for Defendant
BEN GIA WONG

O R D E R

Pursuant to 18 U.S.C. §3583(e)(1), the Court hereby TERMINATES the term of supervised released in this case and discharges Mr. Wong for the reasons set forth above.

IT IS SO ORDERED.

Dated: February 10, 2016

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT